**IT IS ORDERED as set forth below:**



Date: **May 2, 2022**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 7 |
| **ATLANTA WOMEN'S** | : | |
| **SPECIALISTS, LLC**, | : | CHIEF JUDGE HAGENAU |
| | : | |
| Debtor. | : | CASE NO. 22-51469-wlh |
| _____ | : | |

# ORDER

On April 7, 2022, Movants Keith Trabue, individually and as guardian of Shannon Maria Trabue, and Advocacy Trust, LLC, as conservator for Shannon Maria Trabue, filed a Motion for Relief from the Automatic Stay [Doc. 31] (the "Motion") seeking relief from the automatic stay in order to complete the litigation of Movants' claims against Debtor in a Georgia state court action styled *Trabue et*

1

*al. v. Atlanta Women's Specialists, LLC*, including a pending appeal and post-judgment motions.

Proper notice of the Motion was given to Debtor, the Chapter 7 Trustee, and all parties in interest. Hearing was held on the Motion on April 21, 2022. There were no objections to the Motion.

In the Motion, Movants allege that the State Court of Fulton County, Georgia in Civil Action No. 14-EV-001821Y entered a judgment against Debtor in 2017 in favor of Movants on their claims for negligence in the amount of $45,822,777.12 plus post-judgment interest, but that the judgment is not yet final because of Debtor's pending petition for a writ of certiorari to the Supreme Court of Georgia (No. S22C0599). Movants also allege that they have an unliquidated claim against Debtor for their attorney fees, litigation expenses, and pre-judgment interest in this state court matter, and a hearing on the same has already been held in the state trial court.

Movants allege that the judgment against Debtor was affirmed on appeal by the Supreme Court of Georgia in 2020, 310 Ga. 331 (2020) (affirming 349 Ga. App. 223 (2019)) and that a second appeal of the judgment is still pending. Movants allege that the Court of Appeals of Georgia again affirmed the trial court's judgment in No. A21A1286 (Dec. 14, 2021, not officially reported), and

that Debtor's petition for a writ of certiorari to the Supreme Court of Georgia was filed January 24, 2022 as No. S22C0599. Debtor alleges it filed its Reply Brief in support of its petition for certiorari on March 7, 2022.

Upon the filing of Debtor's February 23, 2022 Voluntary Petition [Doc. 1] under Chapter 7, the automatic stay of 11 U.S.C. § 362(a) became effective. Generally, an action taken in violation of the automatic stay is void. *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982). Under § 362(d), however, the bankruptcy court is authorized to annul the automatic stay to grant retroactive relief, thereby validating acts that would otherwise be void as a violation of the automatic stay. *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984).

The Court finds that there is cause to annul the automatic stay for the sole and limited purpose of validating the filing of Debtor's Reply Brief in the Supreme Court of Georgia.

The Court further finds that there is cause to modify the automatic stay for the limited purpose of allowing the state court litigation between Debtor and Movants to become final. These "[p]ending state court proceedings" are "cause," *In re Feingold*, 730 F.3d 1268, 1277 (11th Cir. 2013), because they will liquidate Movants' claim against Debtor.

3

Accordingly, it is hereby **ORDERED** that the Motion for Relief from the Automatic Stay is GRANTED. The automatic stay of 11 U.S.C. § 362(a) is ANNULLED to the sole and limited extent of validating Debtor's Reply Brief in support of its petition for certiorari in the Supreme Court of Georgia in its appeal from Movants' judgment against Debtor. The automatic stay is MODIFIED to allow (1) Debtor's currently pending appeal from that judgment (Supreme Court case no. S22C0599) to continue to completion, and (2) to allow Movants and Debtor to litigate any post-judgment motions for litigation expenses, attorney fees, and prejudgment interest in Fulton County State Court civil action file no. 14-EV-001821; and it is further

**ORDERED** that except as annulled and modified herein, the automatic stay remains in full force and effect, and Movants shall have no right or authority to enforce any judgment or award allowed as authorized hereunder against Debtor or property of the estate except as expressly provided in the Bankruptcy Code or separate order of this Court.

**END OF DOCUMENT**

**PREPARED BY:**
*/s/ Michael B. Terry*
Michael B. Terry
Georgia Bar No. 702582
BONDURANT MIXSON & ELMORE, LLP
1201 West Peachtree Street, NW, Suite 3900
Atlanta, GA 30309
Tel: 404-881-4100
terry@bmelaw.com
*Attorney for Movants*

## **DISTRIBUTION LIST**

All parties on the Mailing Matrix.