**IT IS ORDERED as set forth below:**

**Date: August 19, 2026**

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| ATLANTA WOMEN'S SPECIALISTS, LLC, | : | CASE NO. 22-51469-sms |
| Debtor | : | |

**ORDER APPROVING COMPROMISE AND SETTLEMENT**

## I. BACKGROUND

Cathy L. Scarver, in her capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate (the "Bankruptcy Estate") of Atlanta Women's Specialists, LLC ("Debtor"), filed her *Motion for Approval of Compromise and Settlement* (the "Motion") (Doc. No. 104), seeking approval of a settlement of claims between Trustee and MAG Mutual Insurance Company ("MAG Mutual") (the "Settlement"), the terms of which are set forth in the Settlement Agreement attached to the Motion. Creditors Advocacy Trust, LLC ("Advocacy"), Conservator for Shannon Trabue (the "Conservator"), and Keith Trabue ("Trabue") (collectively, "Creditors") filed their *Creditors': (I)*

*Objection to Motion for Approval of Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019 and (II) Motion for Derivative Standing* (the "Objection") (Doc. No. 108).

Creditors filed two Proofs of Claim in this case: (i) Trabue filed Proof of Claim No. 3 in the amount of $24,191,940.23 ("Claim No. 3), and (ii) Advocacy filed Proof of Claim No. 4 in the amount of $37,393,715.68 ("Claim No. 4").

The Motion and Objection first came on for hearing (the "Initial Hearing") on September 30, 2025. The Initial Hearing was subsequently reset to multiple dates. On or about April 7, 2026, the Court scheduled an evidentiary hearing on the Motion and Objection for June 23, 2026 (the "Hearing"). Prior to the Hearing, Trustee, Creditors, and their respective counsel conferred and reached an agreement resolving the Objection as provided below.

At the Hearing, the Court heard from Trustee, counsel for Trustee, special counsel for Trustee, and counsel for Creditors. Based on the record in the case, the resolution of the Motion and Hearing, the statements and representations at the Hearing, and the proffer from special counsel for Trustee, the Court finds as follows:

1. Trustee and her counsel interviewed Debtor's former physicians (excluding Dr. Stanley Angus ("Dr. Angus"), who was not employed by Debtor on the Petition Date) concerning the matter.

2. On March 22, 2023, Trustee and her counsel received the entire file (the "Produced Documents") from counsel for Debtor and Dr. Angus (collectively, "Defendants"), in the Underlying Litigation (as defined below) filed in the State Court of Fulton County bearing case style *Keith Trabue, individually and as Guardian of Shannon Marie Trabue v. Atlanta Women's Specialists, LLC* and *Stanley R. Angus, M.D., Defendants* and bearing civil action no. 11-EV-013272-E, and bearing case style *Keith Trabue, Individually and as Guardian of Shannon Marie*

*Trabue and Certus Bank, N.A. as Conservator of Shannon Maria Trabue* and bearing civil action no. 14-EV-001821Y (collectively, "the Underlying Litigation"), including but not limited to (i) all correspondence to Defendants from their counsel (at least 125 documents), (ii) all emails between Defendants and their counsel related to the Underlying Litigation (at least 972 emails), (iii) all correspondence directed to Defendants' counsel (at least 171 communications with attachments and enclosures), (iv) all pleadings, (v) all witness files (66 separate folders relating to each witness and each containing multiple documents), and (vi) all medical reports, trial notebooks, transcripts, trial preparation notes, research, memoranda, and timelines (at least 234 folders and documents).

3. Trustee and her counsel reviewed the Produced Files from the Underlying Litigation and analyzed any potential claims against MAG Mutual or relating to the Underlying Litigation.

4. On January 29, 2024, Trustee filed her *Application to Employ Beal Sutherland Berlin & Brown, LLP, as Special Counsel for Trustee* (Doc. No. 94) seeking approval of the employment of Beal Sutherland Berlin & Brown, LLP, and Andrew Beal as special counsel (hereinafter "Special Counsel") to represent the Bankruptcy Estate with respect to certain potential Bankruptcy Estate claims, including any claims against MAG Mutual.

5. Special Counsel reviewed and analyzed the Produced Files and all other available information, including all correspondence referenced in paragraph 2 above and legal arguments from MAG Mutual in communications with its counsel. Special Counsel interviewed trial counsel and counsel for Dr. Angus and analyzed all possible claims Debtor had against any party. Special Counsel reported back to Trustee.

6. Following multiple communications between Special Counsel and counsel for MAG Mutual, Trustee and MAG Mutual agreed to mediation. On August 20, 2024, Trustee, MAG

Mutual, their respective counsel, and Special Counsel participated in mediation at the offices of Henning Mediation & Arbitration Services, Inc., with Gino Brogdon as neutral. Negotiations continued thereafter, with the parties ultimately negotiating and executing the Settlement Agreement ten months after the mediation.

7. The Settlement Agreement is the result of arms-length negotiations between Trustee, through Special Counsel, and MAG Mutual, through its counsel.

8. Trustee considered the availability of witnesses and the probable testimony of Debtor's own witnesses as to the advisability of settlement of the medical malpractice claim in the Underlying Litigation. Trustee considered Special Counsel's evaluation of potential defenses regarding the statute of limitations and suit limitation clauses within the insurance policy at issue. Finally, Trustee considered Special Counsel's analysis of the law as to the requirement of the insured's consent under the operative policy of insurance.

9. Trustee also considered analysis and advice from her counsel and Special Counsel regarding the time and expense involved in litigation, which would almost certainly include appellate review.

10. This potential delay factored heavily in Trustee's decisions regarding the paramount interest of Creditors, including Shannon Trabue who is a permanently disabled individual requiring costly full-time care and support.

11. The Settlement and Settlement Agreement represent the sound exercise of Trustee's business judgment.

12. The Settlement and Settlement Agreement are in the best interests of the Bankruptcy Estate and Creditors.

**II. ORDER**

Based on these findings, it is FOUND AND DETERMINED that Trustee has satisfied the requirements for approval of a settlement under *In re Superior Homes & Invs., LLC*, 521 F. App'x 895 (11th Cir. 2013) and *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990). Accordingly, it is

1. ORDERED that the Motion is APPROVED, as modified herein; and it is further

2. ORDERED that the Settlement and Settlement Agreement are hereby APPROVED as modified herein; and it is further

3. ORDERED that Trustee, or her designee, is authorized to disburse an aggregate Twenty Million Dollars ($20,000,000.00) of the Settlement Amount (the "Creditors' Payment") directly to Creditors in payment of Claim No. 3 and Claim No. 4, to be applied only to the principal of Creditors' judgment against AWS in the Underlying Litigation awarded for any and all of Shannon Trabue's compensatory damages on account of personal physical injuries or physical sickness, including physical and mental pain and suffering, and other general damages to herself, and thereby causing derivative injury, harm, loss of consortium to Keith Trabue's marriage to Shannon Trabue, his wife, entitling him to compensatory damages for his marital injuries and harm from his wife's personal injuries and sickness from which the Underlying Ligation arose; and it is further

4. ORDERED that the Creditor's Payment shall be applied to and constitute payment of only a portion of the Creditors' compensatory damages as set forth in Section II, Paragraph 3, and none of the Creditors' Payment under this Order shall be paid for any other damages, including but not limited to punitive or exemplary damages, for the Creditors' statutory attorneys' fees, statutory litigation expenses, statutory pre-judgment interest, statutory post-judgment interest, and statutory court costs. or compensation of any damages other than damages

for personal physical injuries or sickness and resulting marital harm, including loss of consortium, within the meaning of 26 U.S.C. § 104(a)(2) and 26 C.F.R. § 1.104-1(a) and (c); and it is further

5. ORDERED that MAG Mutual, as Trustee's designee, shall pay the Creditors' Payment directly to Creditors, in care of Creditors' counsel, The Stone Law Group, LLC ("Stone Law"), by wire to Stone Law's IOLTA account according to instructions provided to Trustee and MAG Mutual (or its counsel) by Stone Law; and upon Stone Law's receipt of the Creditors' Payment, Stone Law shall provide a copy of written confirmation of receipt of the Creditor's Payment by MAG Mutual to Stone Law; and it is further

6. ORDERED that MAG Mutual shall pay the remaining Three Million Dollars of the Settlement Amount (the "Estate Payment") directly to Trustee by wire according to instructions provided to MAG Mutual (or its counsel) by Trustee; and it is further

7. ORDERED that MAG Mutual shall provide a copy of the written confirmation showing the wired Creditors' Payment has been sent to Stone Law and that the wired Estate Payment has been sent to Trustee; and it is further

8. ORDERED that the Estate Payment shall be held by Trustee pending further orders of the Court, including on applications for compensation and reimbursement of expenses of Trustee, Trustee's counsel, and Special Counsel's and shall not be subject to bank and technology fees; and it is further

9. ORDERED that the provisions and limitations of Section II, Paragraphs 3, 4, and 5 above shall apply to any subsequent distributions to Creditors made in the Bankruptcy Case.

[END OF DOCUMENT]

**Preparer's Signature on Next Page**

**Prepared and presented by:**

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
*Counsel for Chapter 7 Trustee*

By: */s/ G. Frank Nason, IV*
G. Frank Nason, IV
Georgia Bar No. 535160
fnason@lcenlaw.com
6000 Lake Forrest Drive, N.W.
Suite 290
Atlanta, GA 30328
(404) 262-7373

**Identification of parties to be served pursuant to BLR 9013-2 N.D. Ga.:**

G. Frank Nason, IV, Lamberth, Cifelli, Ellis & Nason, P.A., 6000 Lake Forrest Drive, N.W., Suite 290, Atlanta, GA 30328

Office of the United States Trustee, 362 Richard Russell Building, 75 Ted Turner Drive, SW, Atlanta, GA 30303

Cathy L. Scarver, P. O. Box 672587, Marietta, GA 30006

Cameron M. McCord, Jones & Walden LLC, 699 Piedmont Avenue NE, Atlanta, GA 30308

William S. Stone, Stone Law Group, LLC, 5229 Roswell Road, NE, Atlanta, GA 39342